St. Louis v. Eldredge, et al.          CV-95-178-B    03/31/97

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>**Vincent St. Louis**</u>

    **v.**                                                95-178-B

<u>**Carleton Eldredge, et al.**</u>


<u>**ORDER**</u>


Vincent St. Louis brought a federal civil rights claim under 42 U.S.C.A § 1983 (West 1994) against the City of Portsmouth asserting that the city council's passage of its "Adult-Oriented Establishments" ordinance[1] violated his constitutional rights.[2] I dismissed this claim in a prior order because St. Louis conceded that the ordinance was constitutional, and I held that a

---

[1]  This ordinance, passed on October 4, 1993, requires that every "adult-oriented establishment" be well-lighted and that the interiors of video viewing booths be "clearly visible" from the common areas of the establishment.  It also prohibits doors and other obstructions that would block visibility into video viewing areas.

[2]  St. Louis also alleged other § 1983 violations and state law torts against the City of Portsmouth, Rockingham County, and various city and county officials.  These claims were dismissed by my order of January 26, 1996 and my concurrent orders of March 31, 1997.  Those orders contain the factual background of St. Louis's action.

city could not be successfully sued for enacting a constitutionally valid ordinance regardless of the motivations of the councillors who adopted the ordinance. See City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 47-48 (1986); United States v. O'Brien, 391 U.S. 367, 382-86 (1968); South Carolina Educ. Ass'n v. Campbell, 883 F.2d 1251, 1258 (4th Cir. 1989); Fraternal Order of Police Hobart Lodge No. 121, Inc. v. City of Hobart, 864 F.2d 551, 555 (7th Cir. 1988). I now reconsider that decision in light of Scott-Harris v. City of Fall River, nos. 95-1950, 95-1951, 95-1952, 95-2100, 1997 WL 9102, at *8 (1st Cir. Jan. 15, 1997) ("In cases like this one, implicating the exercise of First Amendment rights, liability under section 1983 can attach to the passage of a facially benign law only if one peers beneath the textual facade and concludes that the legislative body acted out of a constitutionally impermissible motive.").

Despite my reconsideration, I conclude that St. Louis's § 1983 count against Portsmouth cannot be maintained, because St. Louis has failed to produce sufficient evidence from which a fact finder could infer that more than one member of the Portsmouth City Council acted with a constitutionally impermissible motive. See id. at *12 (finding evidence that two of six councillors on a

2

nine person council voted to discharge plaintiff for impermissible motives insufficient to establish municipal liability).

The undisputed facts are that Councillor McMaster made a motion to instruct the city attorney to draft an ordinance to ban hard-core pornography, and the motion passed unanimously on April 12, 1993. One week later, the council was advised by the city attorney that an outright ban on adult establishments would have significant First Amendment implications. The council then discussed a proposal to table council action related to pornography until the council met privately with the city attorney to examine the constitutional implications in detail. During these discussions, Councillor Wagner made numerous statements from which a jury could reasonably infer that his vote for the less restrictive October 3rd ordinance was based on impermissible motives. Specifically, Wagner noted his opinion that the council should do whatever it takes to shut St. Louis's store down, despite any pronouncements made by the United States Supreme Court to the contrary.

None of the other council members joined Wagner in making statements that demonstrated animus toward St. Louis's constitutional rights, and the mere discussion of the restrictive proposal to ban all adult establishments does not reasonably give

3

rise to an inference of such animus in light of the council's later decision to reject an outright ban of pornography in favor of the less restrictive ordinance that was enacted in October 1993. Accordingly, I decline to vacate my decision dismissing St. Louis's § 1983 claim against the City of Portsmouth.

     SO ORDERED.


                               _____
                               Paul Barbadoro
                               United States District Court


March 31, 1997

cc:   Brian T. Stern, Esq.
      Donald E. Gardner, Esq.
      William G. Scott, Esq.